Mr. Justice SWAYNE
 

 delivered the opinion of the court.
 

 This is a writ of error to the Supreme Court of the District of Columbia.
 

 
 *258
 
 The original .proceeding was instituted in the District Court of the United States for same territory. Its object was to procure the condemnation and sale of the property of the plaintiff in error, described in the libel of the United States, pursuant to the provisions of the act of Congress of July 17th, 1862, entitled “An act to suppress insurrection, to punish treason and rebellion, to seize and confiscate the property of rebels, and for other purposes.” The libel alleged that the property belonged to Garnett, and that he was within three of the categories defined in the 5th section, which rendered it liable to be proceeded against in the manner prescribed. His offences were specifically set forth. The property was condemned and sold. Garnett sued out a writ of error from the Supreme Court of the District of Columbia. The attorney of the United States filed a motion to dismiss the writ. The court dismissed it upon the ground that a writ of- error would not lie from that court to the District Court. Garnett excepted. His bill of exceptions is found in the record.
 

 This is the only point in the case which we have found it necessary to consider. In coming to this conclusion the learned court fell into an error.
 

 The case was decided prior to the decision of this court in
 
 JEz parte Bradley
 

 *
 

 It wras not seriously controverted by the counsel for the defendants in error, in -the argument at the bar, that this authority is conclusive upon the subject.. The proposition is too clear to require discussion. Error, and not appeal, was the proper revisory remedy.
 
 †
 
 The other objections taken to the writ are also without validity. The order dismissing it must therefore be reversed. This will restore the case to the place it occupied before the Supreme Court of the District of Columbia, when the order dismissing it was made. As that court did not pass upon the alleged errors of the District Court, we cannot consider them. Our province is to exercise appellate jurisdiction touching the proceedings of the Supreme Court of the District. We can
 
 *259
 
 examine those of the District Court only after they have been the subject of review by the Supreme Court,'and then only in connection with the action of that court in affirming or reversing them. We cannot regard them until they have received the impress of the judgment of the higher local court.
 

 The order dismissing the writ of error is reversed, and the cause will be remanded to the Supreme Court of the District of Columbia, with directions to proceed in the cause
 

 In conformity to law.
 

 *
 

 7 Wallace, 364.
 

 †
 

 Armstrong’s Foundry, 6 Id. 766.